IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PURDUE NEUROSCIENCE COMPANY,<br>One Stamford Forum,<br>201 Tresser Boulevard<br>Stamford, Connecticut 06901-3431<br><br>Plaintiff,<br><br>v.<br><br>NEWRON PHARMACEUTICALS, S.p.A.,<br>Via R. Lepetit 34,<br>I-21040 Gerenzano, Italy<br><br>Defendant. | Civil Action No.:<br><br>Judge: |

**COMPLAINT UNDER 35 U.S.C. § 146**

Plaintiff Purdue Neuroscience Company, through its undersigned attorneys, as and for its Complaint against Defendant Newron Pharmaceuticals, S.p.A., alleges as follows:

**NATURE OF ACTION**

1. This is an action under 35 U.S.C. § 146 to review a decision of the Board of Patent Appeals and Interferences (hereinafter "the Board") of the United States Patent and Trademark Office (hereinafter "the PTO") in a patent interference. Specifically, this action seeks review of "Decision -- Preliminary Motions -- Bd. R. 125" (Paper 84) (hereinafter "Decision on Preliminary Motions"), dated January 12, 2007, and "Judgment -- Preliminary Motions -- Bd. R. 127" (Paper 86) (hereinafter "Judgment"), dated January 12, 2007, entered by the Board in Patent Interference No. 105,394 ("the '394 interference"). Pursuant to 35 U.S.C. § 146 and 37 C.F.R. §

1.304, the time period for filing a civil action for remedy regarding these determinations ends on March 13, 2007. This Complaint is timely filed.

## THE PARTIES

2. Plaintiff Purdue Neuroscience Company (hereinafter "Purdue Neuroscience") is a partnership having its principal place of business at One Stamford Forum, 201 Tresser Boulevard, Stamford, Connecticut 06901-3431.

3. Upon information and belief, Defendant, Newron Pharmaceuticals, S.p.A. (hereinafter "Newron"), is an Italian corporation, having a principal place of business at Via R. Lepetit 34, I-21040 Gerenzano, Italy.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) and under 35 U.S.C. § 146.

5. Venue is proper in this district under 28 U.S.C. § 1391(d) and 35 U.S.C. § 146.

## PROCEDURAL BACKGROUND OF THE PATENT INTERFERENCE

6. Purdue Neuroscience is the owner of the entire right, title and interest in and to U.S. Appl. No. 10/429,764 ("the '764 application"), which is a patent application seeking to reissue U.S. Patent No. 6,479,484 B1, issued on November 12, 2002, entitled "Substituted 2-Aminoacetamides and the Use Thereof." The named inventors of this application are Nancy C. Lan, Yan Wang and Sui Xiong Cai (collectively referred to as "Lan").

7. On information and belief, Newron is the owner of the entire right, title and interest in and to U.S. Patent No. 6,306,903 B1 ("the '903 patent"), issued on October 23, 2001, entitled "Alpha-Aminoamide Derivatives Useful as Analgesic Agents." The named inventors of

this patent are Paolo Pevarello, Mario Varasi, Patricia Salvati and Claes Post (collectively referred to as "Pevarello").

8. On January 9, 2006, the Board issued "Declaration-Bd. R. 203(d)" (Paper 1) declaring and instituting the '394 Interference between the Lan '764 application and the Pevarello '903 patent, based on the subject matter defined by a single count, Count 1.

9. On March 23, 2006, the Board issued "Redeclaration - Bd. R. 203(c)" (Paper 32) (hereinafter "Redeclaration"), redeclaring the '394 Interference between the Lan '764 application and the Pevarello '903 patent solely to add Lan claims 32 and 33 to the interference. In the Redeclaration, the Board held that the claims of the parties corresponding to Count 1 of the '394 interference are claims 1-6 and 8-33 of the Lan '764 application and claims 1-12 of the Pevarello '903 patent. The subject matter of Count 1, Pevarello's claim correspondence and the parties' accorded priority benefit dates remained the same as that set forth in "Declaration-Bd. R. 203(d)" (Paper 1).

10. Count 1, the sole count in the '394 Interference, states as follows: A method according to Claim 1 of U.S. Application 10/429,764 or Claim 1 of U.S. Patent 6,306,903.

11. The parties filed seven motions for the Board to consider. Pevarello filed five substantive motions as well as a miscellaneous motion to exclude evidence, while Lan filed a miscellaneous motion to exclude evidence. Generally, Pevarello filed substantive motions: (i) to substitute a proposed new count for Count 1; (ii) to be accorded the benefit of an earlier filed application; (iii) for judgment that all of Lan's involved claims, claims 1-6 and 8-33, are unpatentable to Lan for lack of enablement under 35 U.S.C. § 112, ¶1 and for obviousness under 35 U.S.C. § 103; (iv) to deny Lan benefit of Lan's earliest filed application; and (v) for judgment

that Lan claims 1, 2, 5, 6, 8-10, 13 and 20-33 are unpatentable to Lan for lack of a written description under 35 U.S.C. § 112, ¶1.

12. The Oral Hearing occurred on November 8, 2006. The Board rendered its January 12, 2007 Decision on Preliminary Motions, granting only that portion of Pevarello Substantive Motion 3 (hereinafter "PSM3") requesting that the Board find that all of the involved claims of Lan's application are unpatentable for lack of enablement under 35 U.S.C. § 112, ¶1. The Board dismissed the rest of PSM3 as moot to the extent it requested that Lan's involved claims be held unpatentable as obvious under 35 U.S.C. § 103. The Board also dismissed Pevarello's remaining motions as moot in light of the Board's determination that all of Lan's claims are unpatentable. Additionally, the Board denied Lan's Motion to Exclude Evidence. On January 12, 2007, the Board issued its Judgment ordering that priority of invention as to Count 1 be awarded against Lan and further ordering that Lan is not entitled to claims 1-6 and 8-33 of the Lan '764 application, all of which correspond to Count 1.

## DISSATISFACTION WITH THE BOARD'S DECISION

13. Purdue Neuroscience, as a real party in interest, is dissatisfied with the Board's determinations in the '394 Interference. The rulings and judgment of the Board in its January 12, 2007 Decision on Preliminary Motions and in its Judgment in the '394 Interference were erroneous. Purdue Neuroscience is entitled to a judgment and decision correcting the erroneous judgment and rulings of the Board, based on the record before the Board and any additional evidence that Purdue Neuroscience may introduce in this action.

14. The Board's decisions were erroneous both in fact and law. The Board overlooked or misapprehended significant evidence on the issue of enablement presented by Lan. Additionally, in determining whether the specification provides an enabling disclosure to a

person of ordinary skill in the art, the Board misapprehended the need for testimony from a person with first hand knowledge of the assay described in Lan's specification. Furthermore, the Board erroneously relied on the Federal Circuit's decision in *Rasmusson v. SmithKline Beecham Corp.*, 413 F.3d 1318 (Fed Cir. 2005) (hereinafter "*Rasmusson*"), overlooking material facts distinguishing the '394 Interference from *Rasmusson*. Thus, the Board erroneously found Lan's involved claims unpatentable for lack of enablement in its Decision on Preliminary Motions. The Board also erroneously denied Lan's Motion to Exclude. In particular, the Board erred by not excluding Dr. Stephen Waxman's testimony in view of the improper coaching by counsel for Pevarello that was found by the Board in its separate Memorandum Opinion and Order (Paper 85), dated January 12, 2007, which formed a part of the Board's Decision on Preliminary Motions. For at least these reasons, the Board erroneously found the involved claims of Lan's application unpatentable for lack of enablement.

## PRAYER FOR RELIEF

WHEREFORE, Purdue Neuroscience prays for a judgment:

A. Reversing and vacating the Board's Decision on Preliminary Motions, dated January 12, 2007, and Judgment, dated January 12, 2007, in the '394 Interference;

B. Finding the involved claims of Lan's '764 application patentable and not invalid under 35 U.S.C. § 112, ¶1;

C. Remanding the '394 interference to the Board for a determination of priority of the subject matter of Count 1 and for a determination of Lan's motion that all of Pevarello's involved claims are unpatentable under 35 U.S.C. § 102(e);

D. Awarding costs and reasonable attorney's fees in favor of Purdue Neuroscience; and

E. Awarding Purdue Neuroscience any further relief that this Court may deem appropriate.

Respectfully submitted,

PURDUE NEUROSCIENCE COMPANY

Date: March 12, 2007

By: [signature] Mark Fox Evens

Mark Fox Evens (D.C. Bar No.343723)
STERNE, KESSLER, GOLDSTEIN & FOX PLLC
1100 New York Avenue, NW
Washington, D.C. 20005-3934
(202) 371-2600

Eldora L. Ellison (D.C. Bar No. 474950)
STERNE, KESSLER, GOLDSTEIN & FOX PLLC
1100 New York Avenue, NW
Washington, D.C. 20005-3934
(202) 371-2600

650079v1

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| PURDUE NEUROSCIENCE COMPANY<br>One Stamford Forum<br>201 Tresser Boulevard<br>Stamford, Connecticut 06901-3431 | NEWRON PHARMACEUTICALS, S.p.a.<br>Via R. Lepetit 34<br>I-21040 Gerenzano, Italy |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ______<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT<br>(IN U.S. PLAINTIFF CASES ONLY) ______<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br>Mark Fox Evens<br>Sterne, Kessler, Goldstein & Fox PLLC<br>1100 New York Avenue, NW<br>Washington, DC 20005 | ATTORNEYS (IF KNOWN) |

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ⊙ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ⊙ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ⊙ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

### ○ A. *Antitrust*

- [ ] 410 Antitrust

### ○ B. *Personal Injury/ Malpractice*

- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Medical Malpractice
- [ ] 365 Product Liability
- [ ] 368 Asbestos Product Liability

### ○ C. *Administrative Agency Review*

- [ ] 151 Medicare Act

**Social Security:**
- [ ] 861 HIA ((1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g)
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g)

**Other Statutes**
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. *Temporary Restraining Order/Preliminary Injunction*

**Any nature of suit from any category may be selected for this category of case assignment.**

***(If Antitrust, then A governs)***

### ⊙ E. *General Civil (Other)* OR ○ F. *Pro Se General Civil*

**Real Property**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent, Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**Personal Property**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**Bankruptcy**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

**Property Rights**
- [ ] 820 Copyrights
- [x] 830 Patent
- [ ] 840 Trademark

**Federal Tax Suits**
- [ ] 870 Taxes (US plaintiff or defendant
- [ ] 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- [ ] 610 Agriculture
- [ ] 620 Other Food &Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 RR & Truck
- [ ] 650 Airline Regs
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**Other Statutes**
- [ ] 400 State Reapportionment
- [ ] 430 Banks & Banking
- [ ] 450 Commerce/ICC Rates/etc.
- [ ] 460 Deportation

- [ ] 470 Racketeer Influenced & Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Satellite TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 900 Appeal of fee determination under equal access to Justice
- [ ] 950 Constitutionality of State Statutes
- [ ] 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding ○ 2 Removed from State Court ○ 3 Remanded from Appellate Court ○ 4 Reinstated or Reopened ○ 5 Transferred from another district (specify) ○ 6 Multi district Litigation ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

35 U.S.C. Sect. 146 Review a decision of the Board of Patent Appeals and Interferences of the US Patent and Trademark Office in a patent interference

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 **DEMAND $** ______ Check YES only if demanded in complaint **JURY DEMAND:** YES ☐ NO ☐

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐ NO ☐ If yes, please complete related case form.

**DATE** March 12, 2007 **SIGNATURE OF ATTORNEY OF RECORD** Mark Fox Evens

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.